UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GATEWAY FIVE, LLC, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 2:07-cv-249 |
| ) | (Phillips) |
| THE ESTATE OF MILLER S. PRICE, ) | |
| *et al.*, ) | |
| ) | |
|     Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion to remand [Doc. 9]. Plaintiff Gateway Five, LLC moves this court to remand the instant matter to state court due to a lack of subject-matter jurisdiction in this court. Defendant United States of America responded [Doc. 22], and plaintiff replied [Doc. 27]. For the reasons that follow, plaintiff's motion is denied.

**I.  BACKGROUND**

Plaintiff Gateway Five, LLC ("Gateway") initiated this suit in the Chancery Court for Hamblen County, Tennessee, seeking to quiet title to real estate to which it claims ownership. Plaintiff claims that since 1999, equitable ownership of the subject real estate was held for the benefit of Gateway by Miller S. Price, the decedent. Price was the Chief Manager and a member of Gateway, and purportedly purchased the property for Gateway's benefit. When Price suddenly and unexpectedly passed away in January 2004, probate of the decedent's estate revealed that the subject real estate was still titled in Price's individual name. Plaintiff Gateway

asserts, however, that it is the equitable owner of the subject property and brought this suit to quiet title thereto.

Among the many defendants, all creditors of the subject piece of property, is the United States of America, Department of the Treasury and Internal Revenue Service ("IRS"). The United States asserts that it has a tax lien on the property and holds a security interest in the subject property for unpaid federal taxes. The United States contends that were the subject property to be titled in Gateway's name, the security interest of the IRS would be extinguished. The United States therefore vigorously disputes ownership of the property by Gateway.

On October 4, 2007, the United States removed the matter to this court, premising removal jurisdiction on 28 U.S.C. § 1441[1] and § 1442(a)(1). On October 22, 2007, plaintiff Gateway filed its motion to remand, claiming that the United States had failed to meet its burden of establishing that this court would have original jurisdiction and that the United States could not use the IRS's status as a revenue collecting agency to invoke § 1442(a)(1). In its response brief, the United States invoked, for the first time, 28 U.S.C. § 1444 and, by reference, 28 U.S.C. § 2410. In its reply brief, Gateway Five both disputed the invocation of this section, claiming that the United States cannot use its response brief to amend its notice of removal, as well as disputed the substantive application thereof.

---

[1] Though the United States premises removal on 28 U.S.C. § 1441(b), in particular the phrase, "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable ....", 28 U.S.C. § 1441(b) (2006), this court notes that the United States is truly asserting removal under § 1441(a). The remainder of the passage from which the United States selectively quotes simply notes that removal of an action implicating a federal question is "removable without regard to the citizenship or residence of the parties." *Id.* § 1441(b). Section 1441(a), however, *authorizes* removal of "any civil action ... of which the district courts of the United States have original jurisdiction." *Id.* § 1441(a). Section 1441(b) simply clarifies the lack of diversity restraints on jurisdiction based, in whole or in part on federal question jurisdiction, as well as defines further constraints where jurisdiction is based solely on the diversity of citizenship. The court will therefore interpret the United States's removal claim insofar as it refers to § 1441(b) as referencing § 1441(a).

## II. ANALYSIS

### A. Introduction of 28 U.S.C. § 1444 in Defendant's Response Brief

This court will first address defendant United States's invocation of 28 U.S.C. § 1444 for the first time in its response brief and whether this is a valid amendment of its notice of removal. Plaintiff Gateway contends that the United States cannot uses its response brief as a mechanism for amending its notice of removal; therefore, the United States's failure to invoke this basis for removal serves to waive its applicability.

The issue, however, involves the subject-matter jurisdiction of this court. As the Supreme Court has held, "subject matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002); *accord Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Indeed, "courts, including [the Supreme] Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh*, 546 U.S. at 514. The United States's failure to raise this basis of jurisdiction in its notice of removal will therefore not serve to waive the applicability of § 1444 if indeed it is applicable to the present case.[2] The court will now address whether 28 U.S.C. § 1444 and, by reference, 28 U.S.C. § 2410, apply to this case.

---

[2] The court notes in passing the 1989 opinion by the Western District of North Carolina in *Wilkinson v. United States*, 724 F. Supp. 1200 (W.D.N.C. 1989). In that case, the court was similarly faced with a claim to quiet title, removed to federal court by the United States under § 1441(a). *Id.* at 1201-02. The Untied States first invoked § 1444 in its response brief to plaintiff's motion to remand. *Id.* at 1202. The court refused to consider the applicability of § 1444, stating, "The Court believes, therefore, that although attempting in the Response to Plaintiff's Motion to Remand, Defendant now cannot rely upon section 1444 to remove Plaintiff's Action." *Id.* This opinion, however, is clearly not binding precedent on this court, and in any event, the recent Supreme Court cases of *Cotton* and *Arbaugh* clearly hold to the contrary.

B.  **Applicability of 28 U.S.C. § 1444**

Section 1444 of Chapter 28 of the Untied States Code provides, "Any action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending."[3] Section 2410 in turn abrogates the United States's sovereign immunity, providing,

> (a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any state court having jurisdiction of the subject matter—
>
> (1) to quiet title to ...
>
> real or personal property on which the United States has or claims a lien.

28 U.S.C. § 2410(a)(1) (2006).

Plaintiff Gateway asserts that the United States can only use §§ 1444 and 2410 if it in fact has a lien on the real property in question. Gateway contends that because the United States has not submitted any proof of the existence of a tax lien (and indeed, a search by a title attorney, performed at the behest of Gateway, has apparently not revealed any U.S. Government tax lien filed in the public records against the decedent or the United States), §§ 1444 and 2410 are inapplicable.

Gateway completely ignores, however, language from § 2410 which it not only quotes but indeed emphasizes for the benefit of this court. Section 2410 abrogates sovereign immunity in any civil action or suit "to quiet title to ... real or personal property on which the United States

---

[3] The court notes that this action was originally removed to the Greenville division of the Eastern District of Tennessee, the division in which the Chancery Court for Hamblen County sits, but was later reassigned to this court in the Knoxville division.

has *or claims* a mortgage or other lien." 28 U.S.C. § 2410(a)(1) (2006) (emphasis added). Section 2410 very clearly does not require the establishment, to any degree of certainty, of an actual lien; rather, sovereign immunity is abrogated where the United States merely claims there is a lien on the property in question. Because the United States asserts a lien, § 2410 is applicable, and § 1444 therefore allows the United States, without any reference to other bases of jurisdiction, to remove this action to this court.

Because § 1444 clearly authorizes the United States to remove the present action to this court, the court needs not address the extent to which removal would also be proper under 28 U.S.C. § 1441(a) or § 1442(a)(1).

## III. CONCLUSION

28 U.S.C. §§ 1444 and 2410 together provide an explicit basis for removal to this court. Because defendant United States did not waive this basis of removal jurisdiction by failing to raise it in its notice of removal, plaintiff's motion to remand [Doc. 9] is **DENIED.**

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge